UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
MICHELE DENENBERG and DENNIS DENENBERG,

                                   Plaintiff(s)

               -against-

J.C. PENNEY COMPANY, INC.,

                                  Defendant(s)
-----------------------------------------------------------------

**Civil Action No.:**

**NOTICE OF REMOVAL**

(stamped: JUDGE KARAS)

## *NOTICE OF REMOVAL*

*AND NOW*, comes defendant **J.C. PENNEY COMPANY, INC.** by and through its attorneys, **MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS**, and respectfully avers as follows:

1.     Defendant J.C. Penney Company is a corporation incorporated under the laws of the State of Delaware with its principal place of business located in the State of Texas.

2.     The plaintiffs have commenced a civil action against the defendant in the Supreme Court of the State of New York, County of Sullivan (Index No. 2751/2008). The Summons and Complaint, being the originally served process of this case, were first received by this defendant on July 29, 2008. Attached hereto and marked as *Exhibit "A"* is a true and correct copy of the Plaintiff's Summons and Verified Complaint. Attached hereto and marked as *Exhibit "B"* is a true and correct copy of Defendant's Verified Answer and Notice to Take Deposition.

3.     It is alleged in the Summons that plaintiff was and still is a resident of the State of New York, and therefore is a citizen of the State of New York.

4.     In the Complaint, the plaintiff has made a claim exceeding the jurisdictional limits of all lower Courts. I contacted plaintiff's counsel and requested that he stipulate that his client's

damages did not exceed $75,000 and he would not agree to do so and therefore, the sum in controversy, exclusive of interest and costs, is in excess of $75.000 Dollars.

5. Diversity of citizenship exists between the plaintiff, a New York resident, and the defendant, J.C. Penney Company Inc., a Delaware corporation with principal place of business in Texas.

**WHEREFORE**, defendant respectfully request that the above-captioned matter, now pending in the Supreme Court of the State of New York, County of Sullivan, be removed therefrom to this Honorable Court.

Dated: New York, New York
       August 13, 2008

Yours, etc.

_____
MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS
BY: THOMAS G. DARMODY (TGD 8368)
Attorney for Defendant(s)
J.C. PENNEY COMPANY, INC.
39 Broadway, Suite 950
New York, NY 10006
(212) 968-8300
File # 003776.000043

TO: **STOLOFF & SILVER, LLP**
    Richard A. Stoloff, Esq.
    Attorney for Plaintiff(s)
    26 Hamilton Avenue
    P.O. Box 1129
    Monticello, NY 12701
    (845) 794-4300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
------------------------------------------------------------X

MICHELE DENENBERG and DENNIS DENENBERG,

                                   Plaintiffs,

-against-

J.C. PENNEY COMPANY, INC.

                                   Defendant.
------------------------------------------------------------X

Index No. 2751-08

**SUMMONS**

RECEIVED Sullivan County Clerk
Jul 11, 2008 10:50A

TO THE ABOVE NAMED DEFENDANTS:

    You are hereby summoned to answer the Complaint in this action and to serve a copy of your Answer or, if the Complaint is not served with this Summons to serve a Notice of Appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the date of service, or within thirty (30) days after the completion of service wherein service is made in any other manner than personal delivery within the State. In the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

    Sullivan County is designated as the place of trial on the grounds that the Plaintiffs reside in Sullivan County.

Dated: Monticello, New York
          July 9, 2008

                                                     Yours, etc.,

                                                     STOLOFF & SILVER, LLP

                                                     By: _____
                                                   RICHARD A. STOLOFF, ESQ.
                                                   *Attorneys for Plaintiffs*
                                                   *Office and Post Office Address*
                                                   26 Hamilton Ave., P.O. Box 1129
                                                   Monticello, New York 12701
                                                   Tel. (845) 794-4300

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SULLIVAN**
———————————————————————————X

MICHELE DENENBERG and DENNIS DENENBERG,                Index No.

                              Plaintiffs,        **VERIFIED COMPLAINT**

        -against-

J.C. PENNEY COMPANY, INC.

                             Defendant.    X
———————————————————————————

      Plaintiffs, by their attorneys, Stoloff & Silver, LLP, complaining of the Defendant, respectfully show to this Court and allege as follows:

1. That at all relevant times hereinafter mentioned, Plaintiff Michele Denenberg was and still is an individual residing in Sullivan County, New York.

2. That at all relevant times hereinafter mentioned, Plaintiff Dennis Denenberg was and still is an individual residing in Sullivan County, State of New York, and was and still is the husband of Plaintiff Michele Denenberg.

3. That upon information and belief and at all relevant times hereinafter mentioned, the Defendant J.C. Penney Company, Inc. was and still is a domestic corporation duly organized and existing under and by virtues of the laws of the State of New York.

4. That upon information and belief and at all relevant times hereinafter mentioned, the Defendant J.C. Penney Company, Inc. was and still is a foreign corporation duly authorized to conduct business in the State of New York.

5. That upon information and belief and at all relevant times hereinafter mentioned, the Defendant J.C. Penney Company, Inc. leased certain premises known and operated as a J.C. Penney retail store at the Galleria Mall, located in Middletown, Town of Wallkill, County of Orange, State of New York.

6. That upon information and belief and at all relevant times hereinafter mentioned, the Defendant J.C. Penney Company, Inc. operated the retail store premises known as J.C. Penney at the Galleria Mall, located in Middletown, Town of Wallkill, County of Orange, State of New York.

7. That upon information and belief and at all relevant times hereinafter mentioned, the Defendant J.C. Penney Company, Inc. maintained the aforementioned premises.

8. That upon information and belief and at all relevant times hereinafter mentioned, the Defendant J. C. Penney Company, Inc. managed the aforementioned premises.

9. That upon information and belief and at all relevant times hereinafter mentioned, the Defendant J.C. Penney Company, Inc. controlled the aforementioned premises.

## AS AND FOR A FIRST CAUSE OF ACTION

10. That Plaintiffs repeat and reallege each and every allegation contained and set forth in Paragraphs "1" through and including "9" of this Verified Complaint with the same force and effect as if fully set forth and repeated herein at length.

11. That on or about the 22nd day of December, 2007, Plaintiff Michele Denenberg was lawfully upon the premises leased, operated, maintained, managed and/or controlled by Defendant J.C. Penney Company, Inc., as aforesaid.

12. That on or about the 22nd day of December, 2007, Defendant J.C. Penney Company, Inc., its agents, servants and/or employees, negligently, recklessly and/or carelessly constructed, reconstructed, erected, repaired, secured, managed, designed, balanced, controlled, located, placed and/or maintained a paper and/or cardboard display on the sales floor of its premises in such a haphazard unsafe and negligent manner as to cause the same to become and remain in an unsafe, improper, dangerous, unguarded, unstable, not properly secured, loose

-2-

and/or unlawful condition, which constituted a trap and/or nuisance, as well as a negligent and improper condition.

13. That upon information and belief and at all relevant times hereinafter mentioned, Defendant J.C. Penney Company, Inc., its agents, servants and/or employees, had actual and/or constructive notice and/or knowledge of the aforementioned defective and dangerous condition.

14. That on or about the 22nd day of December, 2007, while the Plaintiff Michele Denenberg was lawfully and properly upon the premises leased, operated, maintained, managed and/or controlled by Defendant J.C. Penney Company, Inc., as aforesaid, the aforementioned floor display leaned, slid, and collapsed as Plaintiff reached its location, causing Plaintiff to trip on the display and fall, causing Plaintiff to be precipitated to the ground and causing said Plaintiff to be seriously injured.

15. That the aforementioned accident and injuries resulting therefrom to the Plaintiff Michele Denenberg were caused solely and wholly by reason of the carelessness, recklessness and/or negligence of the Defendant J.C. Penney Company, Inc., its agents, servants and/or employees, amongst other things, in the erection, repair, management, location, placement, design, control, maintenance, securing, balancing, construction, reconstruction, location, and/or failure to properly secure said floor display, it being unstable and thereby not allowing the Plaintiff Michele Denenberg to safely pass by it without it collapsing and falling at, near and/or upon the Plaintiff Michele Denenberg, without any negligence of the said Plaintiff contributing thereto.

16. That as a result of the aforementioned negligence of the Defendant J.C. Penney Company, Inc., the Plaintiff Michele Denenberg was rendered sick, sore, lame and disabled, and suffered serious and painful injuries in and about her body and limbs, and Plaintiff Michele Denenberg has been informed and verily believes that she will continue to suffer therefrom for an

indefinite time in the future, and that the injuries are permanent, and Plaintiff Michele Denenberg has further incurred in the past and will continue to incur in the future medical and other expenses in an effort to cure the injuries sustained solely as a result of the negligence of the Defendant J.C. Penney Company, Inc.

17. That by virtue of the foregoing, Plaintiff Michele Denenberg seeks an amount of damages which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION

18. That Plaintiffs repeat and reallege each and every allegation contained and set forth in Paragraphs "1" through and including "17" of this Verified Complaint, with the same force and effect as if fully set forth and repeated herein at length.

19. That at all relevant times hereinafter mentioned, Plaintiff Dennis Denenberg was and still is the lawful husband of Plaintiff Michele Denenberg, and was and is entitled to her services and society.

20. That by reason of the foregoing negligence of the Defendant J.C. Penney Company, Inc., Plaintiff Dennis Denenberg was and will be for a long time deprived of the services, companionship, and society of his wife, Plaintiff Michele Denenberg, and was and will be for a long time to come compelled to expend large sums of money for medical care and attention for his wife, Plaintiff Michele Denenberg, all to his damage.

21. That by virtue of the foregoing, Plaintiff Dennis Denenberg seeks an amount of damages which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiffs demand judgment against Defendant J.C. Penney Company, Inc. as follows:

(a) Upon the First Cause of Action, in favor of Plaintiff Michele Denenberg in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction;

(b) Upon the Second Cause of Action, in favor of Plaintiff Dennis Denenberg in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction;

(c) For the costs and disbursements of this action; and

(d) For such other, further and/or different relief as to this Court may seem just and proper under the circumstances.

Dated: Monticello, New York
       July ___, 2008

                                    Yours, etc.,

                                    STOLOFF & SILVER, LLP

                                    By: _____
                                    RICHARD A. STOLOFF, ESQ.
                                    *Attorneys for Plaintiffs*
                                    *Office and Post Office Address*
                                    *26 Hamilton Ave., P.O. Box 1129*
                                    *Monticello, New York 12701*
                                    *Tel. (845) 794-4300*

# VERIFICATION

STATE OF NEW YORK      }
                       }ss:
COUNTY OF SULLIVAN     }

MICHELE DENENBERG, being duly sworn and says: I am one of the Plaintiffs in the action herein, I have read the annexed Verified Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

*[signature]*
MICHELE DENENBERG

Sworn to before me this
____ day of July, 2008

*[signature]*
Notary Public

PAMELA JONES
Notary Public, State of New York
Sullivan County Clerk's #2214
Commission Expires June 15, 20__

-6-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN

MICHELE DENENBERG and DENNIS DENENBERG,

Plaintiffs,

- against -

J.C. PENNEY COMPANY, INC.,

Defendant.

SUMMONS and VERIFIED COMPLAINT

STOLOFF & SILVER, LLP
Attorneys for Plaintiffs
26 Hamilton Avenue, P.O. Box 1129
Monticello, New York 12701
(845) 794-4300

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: 7/9/08                    Signature: _____
                                 Print Signer's Name: Richard A Stoloff

Service of a copy of the within
Dated:                                              is hereby admitted.

                                                    _____
                                                    Attorney(s) for

PLEASE TAKE NOTICE

☐ Notice of Entry          that the within is a (certified) true copy of a
                           entered in the office of the Clerk of the within Court on

☐ Notice of Settlement     that an Order of which the within is a true copy will be presented for settlement to the
                           Hon.                    one of the judges of the within named Court,
                           at
                           on              20___, at _____ ___.M.

Dated:

                                                    STOLOFF & SILVER, LLP
                                                    Attorneys for:
                                                    26 Hamilton Avenue, P.O. Box 1129
                                                    Monticello, New York 12701
                                                    (845) 794-4300

TO:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
---------------------------------------------------------------
MICHELE DENENBERG and DENNIS DENENBERG,    Index No.:2715/02

                        Plaintiff(s)

        -against-    **VERIFIED ANSWER**

J.C. PENNEY COMPANY, INC.,

                        Defendant(s)
---------------------------------------------------------------

**S I R S:**

Defendant(s), **J.C. PENNEY COMPANY INC.**, by and through its attorneys, MINTZER SAROWITZ ZERIS LEDVA & MEYERS, as and for its Verified Answer to the Verified Complaint herein, upon information and belief, respectfully alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs '1', '2', '7', '8' and '9' of the Complaint herein.

2. Deny each and every allegation contained in paragraph '3' of the Complaint herein.

## FIRST CAUSE OF ACTION

3. Answering paragraph "10" of the Verified Complaint herein, repeats and reiterates each and every admission and denial heretofore made in paragraphs "1" through "9" with the same force and effect as of set forth herein at length hereinafter.

4. Denies each and every allegation contained in paragraphs '11', '12', '13', '14', '15', '16' and '17' of the Complaint herein.

## SECOND CAUSE OF ACTION

5.      Answering paragraph "18" of the Verified Complaint herein, repeats and reiterates each and every admission and denial heretofore made in paragraphs "1" through "17" with the same force and effect as of set forth herein at length hereinafter.

6.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph '19' of the Complaint herein.

7.      Denies each and every allegation contained in paragraphs '20' and '21' of the Complaint herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The answering defendant alleges, upon information and belief, that whatever injuries were sustained by said plaintiff or whatever damages were sustained by said plaintiff at the time and place alleged in the complaint were the result of the culpable conduct of said plaintiff and the answering defendant pleads such culpable conduct in diminution of damages. If a verdict or judgment is awarded to the plaintiff, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That, upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiffs for medical care, dental care; custodial care, property damage or rehabilitative services, loss of earnings or any other economic loss, has been or will be with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined by Section 4545(a) of the New York Civil Practice Law and Rules.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That all risks and dangers connected with the situation at the time and place mentioned in the Verified Complaint were open, obvious and apparent and were known to and assumed by the plaintiff herein.

**WHEREFORE**, defendant(s), **J.C. PENNEY COMPANY INC.** demands judgment dismissing the complaint of the plaintiff(s) herein, together with the costs and disbursements of this action.

Dated: New York, New York
       August 13, 2008

Yours, etc.

_____
MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS
BY: THOMAS G. DARMODY (TGD 8368)
Attorney for Defendant(s)
J.C. PENNEY COMPANY, INC.
39 Broadway, Suite 950
New York, NY 10006
(212) 968-8300
File # 003776.000043

TO: STOLOFF & SILVER, LLP
    Richard A. Stoloff, Esq.
    Attorney for Plaintiff(s)
    26 Hamilton Avenue
    P.O. Box 1129
    Monticello, NY 12701
    (845) 794-4300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
-----------------------------------------------------------------

MICHELE DENENBERG and DENNIS DENENBERG,   Index No.:2715/02

                                        Plaintiff(s)

                 -against-   **NOTICE TO TAKE DEPOSITION**

J.C. PENNEY COMPANY INC.,

                                        Defendant(s)
-----------------------------------------------------------------

**COUNSELORS:**

    **PLEASE TAKE NOTICE** that we will take the deposition of the following parties or persons, before a Notary Public not affiliated with any of the parties or their attorneys, on all relevant and material issues, as authorized by Article 31 of the CPLR:

    TO:        All Parties

    DATE:     November 19, 2008

    TIME:     10:00 a.m.

    PLACE:    Offices of Mintzer Sarowitz Zeris Ledva & Meyers
                      39 Broadway, Suite 950
                  New York, New York 10006
                  Tel.: (212) 968-8300

    **PLEASE TAKE FURTHER NOTICE**, that the person to be examined is required to produce books, records, papers, documents, photographs, X-Rays, etc., in her custody and possession that may be relevant to the above captioned matter.

Dated: New York, New York
         August 13, 2008

## ATTORNEY VERIFICATION

**THOMAS G. DARMODY**, an attorney duly licensed to practice law in the State of New York affirms the following statements to be true under penalties of perjury:

1. I am an associate of the firm of MINTZER SAROWITZ ZERIS LEDVA & MEYERS, attorneys for the defendant, J.C.PENNEY COMPANY INC.

2. I have read the foregoing Answer and know the contents thereof, that the same is true to my own knowledge, except as to matters d to be alleged upon information and belief, and as to those matters I believe to be true.

3. I make this Verification because defendants reside outside the county their attorneys maintain their offices.

4. The source of my knowledge is conversations with defendant and/or review of notes, reports, records, and memoranda contained in the file maintained by our office for the defense of this action.

Dated: New York, New York
       August 13, 2008

_____
THOMAS G. DARMODY (TGD 8368)